# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| BWG HOLDINGS, L.L.C., <br>     Plaintiffs, <br>   v. <br> SAFA SADEGHPOUR, *et al.*, <br>     Defendants. | CV 17-08139 TJH (RAOx) <br><br> Order <br> JS-6 |

    The Court has considered Plaintiff BWG Holdings, L.L.C.'s ["BWG"] motion for leave to file a second amended complaint, together with the moving and opposing papers.

    BWG originally filed this case in Los Angeles Superior Court. Defendant Safa Sadeghpour removed the case on the basis of diversity.

    A defendant may remove a case only if the District Court would have had jurisdiction over the case if it was originally filed in the District Court. *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). If the complaint does not allege facts sufficient to establish subject matter jurisdiction, the removing defendant must provide additional facts in the notice of removal to establish the existence of jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-8 (9th Cir. 2001).

Diversity jurisdiction requires, *inter alia*, an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332(a). Here, BWG's complaint alleged only that it sought "the difference between what BWG paid for its investment and the fair market value of that investment had the material misrepresentations not been made and had the material facts. . . not been concealed." Sadeghpour's notice of removal referenced only this generalized statement; he did not specifically set forth a factual basis to support the conclusion that damages exceeded $75,000.00. Thus, Sadeghpour did not establish, by a preponderance of the evidence, that damages exceed the minimum amount in controversy requirement. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

Diversity jurisdiction, also, requires that the controversy at issue be between citizens of different states. 28 U.S.C. § 1332(a). The removing defendant, also, bears the burden of establishing that the parties are diverse. *Kanter*, 265 F.3d at 857-8. An individual is a citizen of the state in which he is domiciled. *Kanter*, 265 F.3d at 857. A person's domicile is the state where he intends to remain or to which he intends to return, and is not always the state in which he resides. *Kanter*, 265 F.3d at 857. Here, Sadeghpour asserted in the notice of removal that he is "an individual residing in the County of Los Angeles" and "therefore, is . . . a citizen of the State of California." However, Sadeghpour's domicile, not his residence, determines his citizenship. Neither BWG's complaint nor Sadeghpour's notice of removal alleged that Sadeghpour is domiciled in California.

Finally, in the notice of removal, Sadeghpour asserted that BWG is "not. . . a citizen of California," but, rather, "a domestic limited liability company operating from Nassau County in the State of New York." For diversity jurisdiction purposes, a limited liability company is deemed to be a citizen of every state of which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, the citizenship of each of BWG's members, not the location of its operations, determines its citizenship. Neither BWG's complaint nor Sadeghpour's

notice of removal set forth the citizenship of any member of BWG. Therefore, Sadeghpour did not allege complete diversity. *See Kanter*, 265 F.3d at 857-8.

Sadeghpour failed to establish the Court's jurisdiction over this case. Consequently, pursuant to 28 U.S.C. § 1447(c), the Court must remand. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

Accordingly,

It is Ordered that the case be, and hereby is, Remanded.

Date: October 16, 2018

_____
Terry J. Hatter, Jr.
Senior United States District Judge